IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HERBERT LAVONNE WIGGINS       §
                              §
       Petitioner,            §
                              §
VS.                           §
                              §   NO. 3-10-CV-0061-P
RICK THALER, Director         §
Texas Department of Criminal Justice, §
Correctional Institutions Division    §
                              §
       Respondent.            §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Herbert Lavonne Wiggins, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was charged by indictment with sexually assaulting his six year-old granddaughter by penetrating her sexual organ with his finger. A jury convicted petitioner of aggravated sexual assault and sentenced him to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Wiggins v. State*, No. 10-06-00134-CR, 2007 WL 2004962 (Tex. App.–Waco, Jul. 11, 2007, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *Ex parte Wiggins*, WR-70,277-01 (Tex. Crim. App. Sept. 16, 2009). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that he received ineffective assistance of counsel because his attorney: (1) failed to challenge the expert testimony of Virginia Caldwell, a nurse who examined the victim following the alleged sexual assault; (2) did not ask the court to appoint an investigator or an expert to assist the defense; (3) failed to object to evidence of a secretly recorded telephone conversation between petitioner and his estranged daughter, Christi Towns, that was played at sentencing; and (4) did not request a jury instruction on the lesser included offense of indecency with a child.[1]

A.

Respondent contends that all but one of petitioner's claims -- that counsel was ineffective for failing to ask the court to appoint an investigator and an expert -- are unexhausted and procedurally barred from federal habeas review.

1.

A prisoner must fully exhaust state remedies before seeking habeas relief in federal court. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). A federal habeas

---

[1] In a preliminary response, respondent contends that petitioner's federal writ is barred by the AEDPA statute of limitations. Petitioner has filed a reply in which he argues, *inter alia*, that the one-year limitations period should be equitably tolled due to "attorney error." The court need not decide this procedural issue as petitioner is not entitled to federal habeas relief in any event. *See Coker v. Thaler*, 670 F.Supp.2d 541, 546 (N.D. Tex. 2009) ("Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits.").

petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110-11.

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). Under this statute:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* This procedural bar also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

Petitioner did not appeal his conviction on the grounds of ineffective assistance of counsel. On state collateral review, petitioner argued that his attorney was ineffective for failing to ask the court to appoint an investigator and an expert to assist the defense, *see Ex parte Wiggins*, WR-70,277-01, Tr. at 077, 084-85, and for not challenging the qualifications of Virginia Caldwell. *Id.*, Tr. at 076, 084.[2] Nowhere in his state writ did petitioner criticize defense counsel for failing to object to evidence of a secretly recorded telephone conversation and for not requesting a jury instruction on the lesser included offense of indecency with a child. Although petitioner requests a stay and abeyance under *Rhines* if the court concludes that these claims are unexhausted, (*see* Pet. Mot. to Stay at 2), he has not shown good cause for failing to satisfy the exhaustion requirement. *See Rhines*, 125 S.Ct. at 1535 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."). Moreover, a Texas court presented with petitioner's unexhausted claims in a successive habeas petition would likely find them barred under article 11.07, § 4. "If this procedural bar applies, it warrants the refusal to grant a stay under *Rhines*." *Jaramillo v. Quarterman*, No. SA-08-CV-1003-XR, 2009 WL 3765501 at *3 (W.D. Tex. Nov. 10, 2009). These grounds for relief should be dismissed as procedurally barred. *See Coleman*, 111 S.Ct. at 2557 n.1; *Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

---

[2] Petitioner raised two other grounds in his state writ: (1) the evidence was insufficient to support his conviction because there was no expert testimony of sexual penetration; and (2) his sentence of life imprisonment was excessive. *Ex parte Wiggins*, WR-70,277-01, Tr. at 078-79. Neither of those claims are asserted on federal habeas review.

B.

Contrary to respondent's argument, petitioner did seek state post-conviction relief on the ground that his attorney failed to object to the qualifications and testimony of Virginia Caldwell. *Ex parte Wiggins*, WR-70,277-01, Tr. at 076, 084. Petitioner also argued in his state writ that counsel was ineffective for failing to ask the court to appoint an investigator and an expert to assist the defense. The court will address these claims in turn.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Id.* at 2067.

Where, as here, a state court has already rejected a claim of ineffective assistance of counsel, a federal court may grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1); *see also Threadgill v. Quarterman*, No. 3-05-CV-2217-D, 2009 WL 2448499 at *5 (N.D. Tex. Aug. 10, 2009) (citing cases), *appeal filed*, Sept. 8, 2009 (5th Cir.) (No. 09-70024) (holding that both prongs of the *Strickland* test present a mixed question of law and fact that is reviewed under section

2254(d)(1)). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by the state court are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Threadgill*, 2009 WL 2448499 at *5 (citing cases). This presumption applies not only to explicit findings of fact, but "it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Threadgill*, 2009 WL 2448499 at *5, *quoting Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002).

On federal habeas review, the district court reviews "only the ultimate decision of the state court, and not the specific contents of its reasoning or opinion." *Blanton v. Quarterman*, 543 F.3d 230, 236 (5th Cir. 2008), *cert. denied*, 129 S.Ct. 2383 (2009). When the Texas Court of Criminal Appeals denies post-conviction relief without written order on findings of the trial court, the federal habeas court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of that law." *Threadgill*, 2009 WL 2448499 at *5, *quoting Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 1156 (2004).

2.

At trial, Virginia Caldwell, a nurse at Cook Children's Medical Center, testified that she examined the victim for evidence of sexual abuse. (*See* SF-IV at 23, 28). Prior to conducting a physical examination, Caldwell spoke with the victim to obtain a medical history and to inquire about the nature of her injury. (*Id.* at 28). According to Caldwell:

> When I introduced the general touching question, which is has anyone ever touched you anywhere on your body in a way that you didn't like or made you do things to their body in a way that you didn't like, [the victim's] response was that's what he did to me.
>
> It was Herbert, my daddy's dad. She said that he touched me down there -- and pointed to her genital area -- where he's not supposed to in my coo-coo. And we already established that she calls her genital area the coo-coo, and the anal area she calls the butt.
>
> She said he did it with his finger. He went inside my panties and rubbed his finger inside my coo-coo like this. And I had that she demonstrated with her finger in an up and down motion.
>
> She said he did it lots of times. When I asked her if she had any -- had any pain or bleeding that she could remember when he would do that, she said it would hurt sometimes; but she denied that she had any bleeding after the incidents.

(*Id.* at 29-30). Earlier in her testimony, Caldwell explained that "it's uncommon to find physical signs of sexual abuse[,]" and that "about 90 to 95 percent of children, adolescents that are sexually abused actually have no physical findings that are specific for penetrating trauma as a result of sexual abuse." (*Id.* at 25). Petitioner now argues that defense counsel should have objected that Caldwell never established her qualifications to perform sexual assault examinations, and did not explain what "methodology or technique" was used in determining that penetration occurred without evidence of physical trauma. (*See* Pet. Mem. Br. at 8).

The court disagrees. Caldwell is a trained sexual assault nurse examiner, or SANE, who has examined thousands of children for signs of sexual abuse. (*See* SF-IV at 23-25). She has a degree in nursing and has worked as a registered nurse for more than 30 years. To qualify as a SANE, Caldwell had 48 hours of classroom training, 96 hours of clinical training, and a three-month preceptorship. In addition, Caldwell worked for 12 years on a team dedicated to evaluating child and adolescent victims of physical and sexual abuse. (*Id.*). Under Texas law, those credentials are more than sufficient to qualify Caldwell as an expert. *See Carey v. Quarterman*, No. 3-06-CV-2184-K, 2008 WL 4061420 at *5 (N.D. Tex. Aug. 24, 2008), *COA denied*, No. 08-10960 (5th Cir. Jul. 29, 2009) (citing cases). Had counsel objected to Caldwell's qualifications or testimony, the objection likely would have been overruled. Counsel was not ineffective for failing to make this meritless objection. *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997), *cert. denied*, 119 S.Ct. 418 (1998) (failure to make a meritless objection cannot be grounds for ineffective assistance of counsel).

3.

Nor was counsel ineffective for not asking the court to appoint an investigator and an expert. According to petitioner, an investigator was necessary to "investigate the dynamic of petitioner's family disputes and/or reasons for making false accusations in the past and present." (*See* Pet. Mem. Br. at 12). Petitioner contends that a sexual assault expert was needed to rebut Caldwell's testimony. (*Id.* at 13). Other than the self-serving arguments presented in his brief, petitioner offers nothing to show that he received ineffective assistance of counsel in this regard. Petitioner fails to identify any investigator or expert who could have been appointed by the court, does not allege with specificity what the investigation would have revealed or the substance of the missing expert testimony, and fails to explain how the results of the investigation or the testimony of a rebuttal expert would have changed the outcome of the trial. *See, e.g. Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009)

(standard for establishing ineffective assistance of counsel based on complaints of uncalled witnesses); *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (standard for establishing ineffective assistance of counsel based on failure to investigate). Moreover, the state habeas court found that the appointment of an investigator "was not necessary in order to discover the facts of the case[,]" and that counsel's decision not to request an investigator "was reasonable trial strategy[.]" *Ex parte Wiggins*, WR-70,277-01, Supp. Tr. at 009, ¶¶ 13, 15. Petitioner has failed to offer any evidence, much less clear and convincing evidence, to rebut that finding. Consequently, these grounds for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied. His motion for stay and abeyance also should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE